IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN JAMES, JR., Z-610, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0033-CG-MU |
| JEFFERSON COUNTY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama death-row inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice for lack of subject-matter jurisdiction.[1]

### I. Complaint. (Doc. 1)

Plaintiff filed a § 1983 complaint on this Court's form naming as Defendants Jefferson County, Commissioner John Q. Hamm, and Warden Terry Raybon. (Doc. 1 at 5, PageID.5). According to Plaintiff, he was convicted of a capital offense in 1996,

---

[1] Because Plaintiff filed a Motion to Proceed Without Prepayment of Fees (Doc. 2, PageID.10), the Court is required to screen Plaintiff's complaint. 28 U.S.C. § 1915(e)(2)(B). As a result of this screening and the Court's obligation to determine if it has subject-matter jurisdiction, the undersigned is entering this Report and Recommendation and foregoing ruling on the Motion to Proceed Without Prepayment of Fees. *U.S. v. Denedo*, 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009) (recognizing that a court should inquire into its subject-matter jurisdiction "when fairly in doubt").

which was overturned in 1998, and in 1999, he was convicted again of a capital offense and sentenced to death. (Doc. 1 at 4, PageID.4). The Circuit Court of Jefferson County ordered that he be sent to Holman Correctional Facility, which is a place for punishment for state inmates and for execution of inmates sentenced to death. (*Id.*). While he has been there since 1996, he has been subjected to the same rules, regulations, disciplinary procedures, and conditions as state inmates who are there as punishment for their crimes. (*Id.*). (The Court discerns that state inmates are non-death-sentenced inmates.) Defendants now "intend to punish him further by causing [his] death through execution[.]" (*Id.* at 4, 8, PageID.4, 8). Plaintiff seeks protection from the Court "because the infliction of death would be a second punishment for the same offense in violation of the Fifth, Eighth and Fourteenth Amendments[.]" (*Id.* at 8, PageID.8). He wants the "Court [to] issue an injunction prohibiting the defendants from initiating any process that would cause the punishment of death to be inflicted upon [him] for the capital offense" and to issue a declaration that further punishment would be unconstitutional. (*Id.* at 7, 8, PageID. 7, 8).

### III. Analysis.

A search of PACER (Public Access to Court Electronic Records) reflects that Plaintiff filed an unsuccessful petition for the writ of habeas corpus in the United States District Court for the Northern District of Alabama challenging his June 17, 1999 capital murder conviction from Jefferson County, Alabama, and its related July 19, 1999 death

sentence.[2] [3]  The district court's denial of habeas relief was affirmed by the Eleventh Circuit Court of Appeals, and a petition for the writ of certiorari was denied by the United States Supreme Court.  *See James v. Culliver,* 2:10-cv-02929-CLS-HGD, 2014 WL 4926178 (N.D. Ala. 2014) (unpublished), *aff'd*, *James v. Warden, Holman Corr. Facility,* 957 F.3d 1184 (11th Cir. 2020), *cert. denied*, 141 S.Ct. 1463 (Mar. 1, 2021).  After the first round of habeas review of his conviction and sentence, Plaintiff filed the present § 1983 action on January 27, 2022.[4]  (Doc. 1).

"Federal courts have long recognized that they have an obligation to look behind the label" of *pro se* inmate filings to determine whether they are "cognizable under a different remedial statutory framework."  *U.S. v. Jordan*, 915 F.2d 622, 624-25 (11th Cir.), *cert. denied,* 499 U.S. 979 (1991).  When a claim is based on an inmate's conviction and/or sentence, the fundamental consideration in determining the statutory framework under which it will be analyzed is the effect of the claim on the plaintiff's conviction and/or sentence.  *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006).

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*.  *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

[3] The present complaint contains two sets of dates.  Plaintiff states, in response to the complaint form's questions, that on August 29, 1996, he was convicted of capital murder during a burglary, for which he received a sentence of death, and he began serving his sentence on November 4, 1996.  (Doc. 1 at 6, PageID.6).  (He further indicates that no invalidation of either his conviction or sentence has occurred. (*Id.* at 6-7, PageID.6-7)).  These dates coincide with Plaintiff's first trial for capital murder, which resulted in a conviction and death sentence, but which was remanded.  *James v. Culliver,* 2:10-cv-02929-CLS-HGD, Doc. 27 at 12 (Northern District's order denying habeas relief and reflecting the first trial began on August 26, 1996).  On remand, Plaintiff was convicted of capital murder on June 16, 1999 and was sentenced to death on July 9, 1999.  (*Id.* at 14-15).  *Accord* Doc. 1 at 4, PageID.4 (allegations in present complaint's general description reflect a capital-offense conviction and death sentence in 1996, which were overturned in 1998, and a subsequent capital-offense conviction and death sentence in 1999).

[4] In addition, Plaintiff recently filed other actions on the Court's docket, namely: *James v. Raybon, et al.,* CA 21-0437-CG-MU (§ 1983 action challenging the conditions of confinement in death-row cells); *James v. Raybon, et al.,* CA 21-0450-CG-MU (§ 1983 claims for a deprivation of property and denial of access to courts);  and *James v. Marshall, et al.,* CA 21-0453-CG-MU (§ 1983 action challenging procedures used in his federal habeas action).

> "When an inmate challenges the circumstances of his confinement but not the validity of his conviction [ ]or sentence, then the claim is properly raised in a civil rights action under [Section] 1983. *Id.* (citation omitted)." But "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [Section] 2254 habeas petition, not a [Section] 1983 civil rights action." *Id.*

*Rosa v. Finklestein,* 837 F. App'x 704, 706 (11th Cir. 2020) (brackets and parenthesis in original) (quoting *Hutcherson*, 468 F.3d at 754).

In the present action, Plaintiff is challenging his sentence of death by arguing that he has been punished through the years like the state inmates, but he will be additionally punished by being put to death. He wants Defendants enjoined from commencing the process that would result in his death and a declaration that his further punishment would be unconstitutional. These requests for injunctive and declaratory relief are contrary to carrying out the death sentence he received and would undermine the validity of his sentence. *Id.*; *accord Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) ("If the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper."). Thus, Plaintiff's complaint in essence is a petition for the writ of habeas corpus under 28 U.S.C. § 2254 as the requested relief would invalidate his death sentence as it now stands. *See Nance v. Comm'r, Ga. Dep't of Corr.,* 981 F.3d 1201, 1211-12 (11th Cir.) (finding that "Nance's [§ 1983] complaint must be reconstrued as a habeas petition because an injunction preventing the State from executing a prisoner under its present law necessarily implies the invalidity of the prisoner's sentence"), *cert. granted, Nance v. Ward,* 2022 WL 129503 (U.S. Jan. 14, 2022). The *Nance* Court explained:

4

> Prisoners challenging their convictions or the duration of their sentences proceed exclusively through habeas, and prisoners challenging the conditions of their confinement proceed exclusively through section 1983. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983." [*Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)]. Because a prisoner's challenge to the fact of his conviction or duration of his sentence falls at the "core of habeas corpus," such a challenge may not be brought in a complaint under section 1983. *Id.* at 489, 93 S.Ct. 1827. By contrast, a suit that does not "seek[ ] a judgment at odds with [a prisoner's] conviction or ... sentence" may be brought only under section 1983. *Muhammad v. Close*, 540 U.S. 749, 754–55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499, 93 S.Ct. 1827. In sum, "[i]ssues sounding in habeas are mutually exclusive from those sounding in a [section] 1983 action." *McNabb v. Comm'r, Ala. Dep't of Corr.,* 727 F.3d 1334, 1344 (11th Cir. 2013).

*Id.* at 1205-06 (second brackets not in original).

Furthermore, the Supreme Court's decisions in § 1983 actions also foreclose the use of § 1983 as a vehicle to challenge an outstanding sentence that has not been invalidated. *Wilkinson v. Dotson,* 544 U.S. 74, 81, 125 S.Ct. 1242, 1247-48, 161 L.Ed.2d. 253 (2005) ("Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. . . . These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable

5

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."); *cf. Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that a request for injunctive and declaratory relief in a § 1983 action that "challenge[s] the validity of the claimant's conviction or sentence and seek[s] release [is] simply not cognizable under § 1983") (brackets in original). In the present action, no demonstration of the invalidity of Plaintiff's sentence has been made. Consequently, § 1983 is not available to him to pursue his claims.

Thus, as a "functional equivalent" of a habeas action, this action is subject to 28 U.S.C. § 2244(b)(3)(A), which provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Therefore, without authorization from the Eleventh Circuit Court of Appeals, this Court is without jurisdiction to consider Plaintiff's second or successive habeas petition. *Rosa,* 837 F. App'x at 706 (affirming the dismissal for lack of jurisdiction as the § 1983 complaint was a successive habeas petition filed without the
6

required the authorization); *accord Hutcherson,* 468 F.3d at 755 (affirming the dismissal of Hutcherson's § 1983 complaint based on Alabama's failure to adopt ABA Guidelines for Counsel in Death Penalty Cases as being the equivalent of a successive habeas petition that failed to meet § 2244(b)'s requirements); *Nance,* 981 F.3d at 1211-12 (11th Cir.) (finding that the district court lacked jurisdiction because the § 1983 action was deemed to be a habeas petition, which was a second or successive petition due to the prior filing of a habeas petition). Inasmuch as no authorization from the Eleventh Circuit allowing Plaintiff to file a second or successive habeas petition accompanied the filing of this action, this action is due to be dismissed for lack of jurisdiction. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997) (holding that the § 1983 action was the "functional equivalent" of a habeas petition and subject to the law of successive habeas petitions, which caused the court to lack jurisdiction because the inmate had not applied for permission to file a second habeas petition).

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice because the Court lacks subject-matter jurisdiction.[5]

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

[5] The Court notes that Holman Correctional Facility, where Plaintiff is incarcerated on Alabama's death row, is situated in the Southern District of Alabama. (Doc. 1 at 4, PageID.4). Thus, this Court would have concurrent jurisdiction with the United States District Court for the Northern District of Alabama over a properly filed habeas petition. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) ("For instance, § 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain the application.'").

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 4th day of February, 2022.

**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**